**United States Bankruptcy Court**
**District of Alaska**

In re: HAIE INVESTMENTS, LLC　　　　:　　　Case No. 17-00232
　　　　　　　　　　　　　　　　　　　　:　　　Chapter 11
　　　Debtor　　　　　　　　　　　　　:
_____:

**PROPOSED COMBINED PLAN OF REORGANIZATION**
**AND [TENTATIVELY] APPROVED DISCLOSURE STATEMENT**
**(October 1, 2017)**

INTRODUCTION

　　　This is Debtor's Combined Chapter 11 Plan of Reorganization and Disclosure Statement (the Plan). The Plan identifies each known creditor by name and describes how each claim will be treated if the Plan is confirmed.

　　　Part 1 contains a summary of the claims dealt with in the Plan. Part 2 contains a summary of how the Debtor is going to fund the Plan. Part 3 contains the treatment of creditors with secured claims. Part 4 contains the treatment of general unsecured creditors. Taxes and other priority claims are addressed in Part 5.

　　　Most creditors (those in impaired classes) are entitled to vote on confirmation of the Plan. Completed ballots must be received by Debtor's counsel, and objections to confirmation must be filed and served, no later than **[date]**. The court will hold a hearing on confirmation of the Plan on **[date]** at **[time]**.

　　　Attached to the Plan are exhibits containing financial information that may help you decide how to vote and whether to object to confirmation. Exhibit 1 includes background information regarding Debtor and the events that led to the filing of the bankruptcy petition and describes significant events that have occurred during this Chapter 11 case. Exhibit 2 contains an analysis of how much creditors would likely receive in a Chapter 7 liquidation. Exhibit 3 shows Debtor's most recent income and expenses. Exhibit 4 describes how much Debtor is required to pay on the effective date of the plan. There is a Table attached to Exhibit 5 of this Plan. (It is the last page of this Plan.) This Exhibit estimated allowed claims, summarizes the source of payments for such claims and the timing of such payments.

　　　Whether the Plan is confirmed is subject to complex legal rules that cannot be fully described here. You are strongly encouraged to read the Plan carefully and to consult an attorney to help you determine how to vote and whether to object to confirmation of the Plan.

　　　If the Plan is confirmed, the payments promised in the Plan constitute new contractual obligations that replace the Debtor's pre-confirmation debts. Creditors may not seize their collateral or enforce their pre-confirmation debts so long as Debtor performs all obligations under the Plan. If Debtor defaults in performing Plan obligations, any creditor can file a motion

to have the case dismissed or converted to a Chapter 7 liquidation. Enforcement of the Plan, discharge of the Debtor, and creditors' remedies if Debtor defaults are described in detail in Parts 7 through 9 of the Plan.

**PART 1:    SUMMARY OF CLAIMS AGAINST DEBTOR**

| Claim # | Claimant | Kind of Claim | Amount | Treatment |
|---|---|---|---|---|
| 1 | IRS | unsecured | $3,037.10 | Class 2 unsecured |
| 2 | Ditech | secured | $543,819.48 | Class 1 secured |
| 3 | Thomas Head Greisen | unsecured | $4,483.45 | Class 2 unsecured |
|  |  | total unsecured | @$7,510 |  |

**PART 2:    SUMMARY OF HOW DEBTOR WILL PAY CREDITORS UNDER THE PLAN**

Debtor proposes to continue to make its monthly contractual mortgage payment to Class 1 Ditech of $3,948.63 a month and to cure its pre-petition default in payments by paying Ditech an additional $1,425.64 a month for 54 months beginning on the Effective Date (estimated to be in January, 2018). Debtor will pay Class 3 unsecured over 60 months with interest at 6%. Debtor's owners will contribute the funds necessary to make these payments.

**PART 3: TREATMENT OF SECURED CREDITORS**

| Class | Creditor | Collateral | Secured Claim | Interest Rate | monthly payment | Term |
|---|---|---|---|---|---|---|
| 1 | Ditech | 8400 Cormorant Cove Cir. Anchorage, AK | $543,819.48 |  |  |  |
|  |  |  | $493,658.86 | 4% | $3,948.63 | 336 mo |
|  |  |  | $70,346.56 | 4% | $1,425.64 | 54 mo |

   A.    **Class 1.  Ditech**

Ditech retains its secured claim unaffected by this Plan and has received post-petition, beginning in August 2017, and will continue to receive, a monthly mortgage payment of $3,948.63 and, beginning on the Effective Date, 54 monthly payments of $1,425.64 to cure the pre-petition defaults and fund any escrow imbalance. Property taxes will be paid by Mortgagee Ditech.

**This lien claims is impaired and are entitled to vote on confirmation of the Plan.**

Small Business Case Chapter 11
Combined Plan & Disclosure Statement
October 1, 2017                                                -2-

**PART 4: TREATMENT OF GENERAL UNSECURED/UNDERSECURED CREDITORS**

**Classes 3. General Unsecured Claims.**

| Claim # | Claimant | Kind of Claim | Amount | Treatment |
|---|---|---|---|---|
| 1 | IRS | unsecured | $3,307 | Allow class 2 |
| 3 | Thomas Head Greisen | unsecured | $4,484 | Allow class 2 |

Allowed claims of general unsecured creditors (including allowed claims of creditors whose executory contracts or unexpired leases are being rejected under this Plan) shall be in equal quarterly installments beginning 90 days following the Effective Date with interest at 6%. Creditors in this class may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 8(c)). **This class is impaired and is entitled to vote on confirmation of the Plan.** Debtor has indicated above whether a particular claim is disputed.

**PART 5: TREATMENT OF PRIORITY AND ADMINISTRATIVE CLAIMS**
(a) <u>Professional Fees</u>.

The following professionals will be paid their fees incurred through the Effective Date as allowed by the Court. The following table estimates these fees. Funds in trust will be applied to outstanding invoice.

| Name and Role of Professional | Estimated Amount | Payment Amount | Number of Payments |
|---|---|---|---|
| Erik LeRoy, P.C. ($1,820.50 in trust) | $5,000 | $3,700 | |

Professionals may not take collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 8(c)). **Estate professionals are not entitled to vote on confirmation of the Plan.**

(b) <u>Other Administrative Claims</u>. Debtor will pay other allowed claims entitled to priority under section 503(b) in full on the Effective Date; except expenses incurred in the ordinary course of Debtor's business or financial affairs, which shall be paid when normally due and payable (these creditors are not listed below). All fees payable to the United States Trustee as of confirmation will be paid on the Effective Date; post-confirmation fees to the United States Trustee will be paid when due.

Administrative Creditors may not take any collection action against Debtor so long as

Debtor is not in material default under the Plan (defined in Part 8(c)). **Administrative claimants are not entitled to vote on confirmation of the Plan.**

| Name of Administrative Creditor | Estimated Amount of Claim |
|---|---|
| none | |

(c) <u>Tax and Penalty Claims</u>.  Debtor will pay allowed claims entitled to priority under section 507(a)(8) in full over time with interest (at the non-bankruptcy statutory interest rate) in equal amortizing payments in accordance with section 511 of the Bankruptcy Code.  Payments will be made either on the Effective Date for IRS or annually at the end the fishing season in October.  To the extent amounts owed are determined to be other than as shown below, appropriate adjustments will be made in the number of payments. Priority tax and penalty creditors may not take any collection action against Debtor so long as Debtor is not in material default under the Plan (defined in Part 8(c)). **Priority tax and penalty claimants are not entitled to vote on confirmation of the Plan.**

| Name of Creditor | Estimated Amount of Claim | Statutory Interest Rate | Payment Amount | Number of Payments |
|---|---|---|---|---|
| IRS | $0 | | | |

## PART 6:    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

***The Debtor has no Executory Contracts or leases.***

## PART 7: DISCHARGE AND OTHER EFFECTS OF CONFIRMATION

(a) <u>Discharge</u>.  Debtor shall not receive a discharge of debts  until Debtor makes all payments due under the Plan or the court grants a hardship discharge.

(b) <u>Vesting of Property</u>.  On the Effective Date, all property of the estate and interests of the Debtor will vest in the reorganized Debtor pursuant to § 1141(b) of the Bankruptcy Code free and clear of all claims and interests except as provided in this Plan, subject to revesting upon conversion to Chapter 7 as provided in Part 8(f) below.

(c) <u>Plan Creates New Obligations</u>.  Except as provided in Part 8(d) and (e), the obligations to creditors that Debtor undertakes in the confirmed Plan replace those obligations to creditors that existed prior to the Effective Date of the Plan.  Debtor's obligations under the confirmed Plan constitute binding contractual promises that, if not satisfied through performance of the Plan, create a basis for an action for breach of contract under Alaska law.  To the extent a creditor

retains a lien under the Plan, that creditor retains all rights provided by such lien under applicable non-Bankruptcy law.

**PART 8: REMEDIES IF DEBTOR DEFAULTS IN PERFORMING THE PLAN**

(a) <u>Creditor Action Restrained</u>. The confirmed Plan is binding on every creditor whose claims are provided for in the Plan. Therefore, even though the automatic stay terminates on the Effective Date with respect to secured claims, no creditor may take any action to enforce either the pre-confirmation obligation or the obligation due under the Plan, so long as Debtor is not in material default under the Plan, except as provided in Part 8(e) below.

(b) <u>Obligations to Each Class Separate</u>. Debtor's obligations under the Plan are separate with respect to each class of creditors. Default in performance of an obligation due to members of one class shall not by itself constitute a default with respect to members of other classes. For purposes of this Part 8, the holders of all administrative claims shall be considered to be a single class, the holders of all priority claims shall be considered to be a single class, and each non-debtor party to an assumed executory contract or lease shall be considered to be a separate class.

(c) <u>Material Default Defined</u>. If Debtor fails to make any payment, or to perform any other obligation required under the Plan, for more than 10 days after the time specified in the Plan for such payment or other performance, any member of a class affected by the default may serve upon Debtor and Debtor's attorney (if any) a written notice of Debtor's default. If Debtor fails within 30 days after the date of service of the notice of default either: (i) to cure the default; (ii) to obtain from the court an extension of time to cure the default; or (iii) to obtain from the court a determination that no default occurred, then Debtor is in Material Default under the Plan to all the members of the affected class.

(d) <u>Remedies Upon Material Default</u>. Upon Material Default, any member of a class affected by the default may file and serve a motion to dismiss the case or to convert the case to Chapter 7.

(e) <u>Claims not Affected by Plan</u>. Upon confirmation of the Plan, and subject to Part 7(c), any creditor whose claims are left unimpaired under the Plan may, notwithstanding paragraphs (a), (b), (c), and (d) above, immediately exercise all of its contractual, legal, and equitable rights, except rights based on default of the type that need not be cured under section 1124(2)(A) and (D).

(f) <u>Effect of Conversion to Chapter 7</u>. If the case is at any time converted to one under Chapter 7, property of the Debtor shall vest in the Chapter 7 bankruptcy estate.

(g) <u>Retention of Jurisdiction</u>. The bankruptcy court may exercise jurisdiction over proceedings concerning: (i) whether Debtor is in Material Default of any Plan obligation; (ii) whether the time for performing any Plan obligation should be extended; (iii) adversary proceedings and contested matters pending as of the Effective Date or specifically contemplated in this Plan to be filed in this court; (iv) whether the case should be dismissed or converted to one under Chapter 7; (v) any objections to claims; (vi) compromises of controversies under Fed. R. Bankr. Pro. 9019; (vii) compensation of professionals; and (viii) other questions regarding the interpretation

and enforcement of the Plan.

## PART 9: GENERAL PROVISIONS

(a) <u>Effective Date of Plan</u>.  The Effective Date of the Plan is **Date**
the fifteenth day following the date of the entry of the order of confirmation, if no notice of appeal from that order has been filed.  If a notice of appeal has been filed, Debtor may waive the finality requirement and put the Plan into effect, unless the order confirming the Plan has been stayed.  If a stay of the confirmation order has been issued, the Effective Date will be the first day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

(b) <u>Disputed Claim Reserve</u>.  Debtor *may* create a reserve for disputed claims.  Each time Debtor makes a distribution to the holders of allowed claims, Debtor will place into a reserve the amount that would have been distributed to the holders of disputed claims if such claims had been allowed in the full amount claimed.  If a disputed claim becomes an allowed claim, Debtor shall immediately distribute to the claimant from the reserve an amount equal to all distributions due to date under the plan calculated using the amount of the allowed claim.  Any funds no longer needed in reserve shall be returned to Debtor.

(c) <u>Cramdown</u>.  Pursuant to section 1129(b) of the Bankruptcy Code, Debtor reserves the right to seek confirmation of the Plan despite the rejection of the Plan by one or more classes of creditors.

(d) <u>Severability</u>.  If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

(e) <u>Governing Law</u>.  Except to the extent a federal rule of decision or procedure applies, the laws of the State of Alaska govern the Plan.

(f) <u>Lawsuits</u>.

    None:


(g) <u>Notices</u>.  Any notice to the Debtor shall be in writing, and will be deemed to have been given three days after the date sent by first-class mail, postage prepaid and addressed as follows:

Haie Investments, LLC
200 W 34th Ave
PMB 1008
Anchorage, AK 99503

Erik LeRoy, P.C.
500 L St., Ste 302
Anchorage, AK 99501

(h)  Post-Confirmation United States Trustee Fees.  Following confirmation, Debtor shall continue to pay quarterly fees to the United States Trustee to the extent, and in the amounts, required by 28 U.S.C. § 1930(a)(6).  So long as Debtor is required to make these payments, Debtor shall file with the court quarterly reports in the form specified by the United States Trustee for that purpose.

(i)  Deadline for § 1111(b) Election.  Creditors with an allowed secured claim can make a timely election under section 1111(b) no later than 14 days before the first date set for the hearing on confirmation of the Plan.

Dated: October 1, 2017

_____
Debtor Haie Investments, LLC
By Kelly Millen, member

/s/ Erik LeRoy

Attorney for Debtor
Erik LeRoy P.C.
500 L St., Ste 302
Anchorage, Alaska 99501

**Exhibit 1 - Events That Led To Bankruptcy**

Kelly and Corey Millen bought the property at 8400 Cormorant Cove Circle, Anchorage, Alaska in 2001. They transferred the property into Haie Investments, LLC in 2011. Corey and Kelly Millen separated in 2015 when Corey Millen moved from Alaska. In 2015 Haie defaulted on the loan to Ditech. Ditech scheduled a non-judicial foreclosure of the Cormorant Cove Circle property which led to this Chapter 11 filing. The Municipality of Anchorage tax appraisal for 2017 was $672,100.

**Exhibit 2 - What Creditors Would Receive if the Case Were Converted to a Chapter 7**

It is *likely* that unsecured creditors would receive *no* distribution in a chapter 7 because it is *unlikely* a chapter 7 trustee will have the time to administer sale of the real property before the foreclosure of the Property.

| Estimated Amount of Unsecured Claims | $7,510 |
|---|---|
| Percent Distribution Effective Date to Unsecured Creditors Under Proposed Plan | 0% |
| Percent Distribution to Unsecured Creditors Under Liquidation Analysis | 100% |

**Exhibit 3 - Monthly Income of Principal Contribution and Expenses**

| Monthly Contribution from Principal 2017 | Amount |
|---|---|
| Gross Employment Income | |
| Gross Business Income 2017 | $0 |
| Real property sale | $0 |
| [OTHER INCOME OR CONTRIBUTION - DESCRIBE] | $5,730 |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) | $0 |
| **A. Total Monthly Income or Principal Contribution** | $5,730 |

| Monthly Expenses 2017 | Amount |
|---|---|
| Attorney fees[1] | $0 |
| insurance | $0 |
| property tax | $0 |
| U S Trustee ($110 a month included in Administrative Claims, below) | $0 |
| **B. Total Monthly Expenses** (not in plan payments below) | $0 |

| **C. Net Income available /17 (Line A - Line B)** | $5,730 |
|---|---|

| Monthly Plan Payment | Amount |
|---|---|
| Administrative Claims | $210 |
| Secured Claim Ditech mortgage | $3,948.68 |
| Secured Claim Ditech arrearage | $1,425.64 |
| Priority Claims | $0 |
| General Unsecured Creditors | $145.19 |
| [OTHER PLAN PAYMENTS - DESCRIBE] | |
| **D. Total Plan Payments** | $5,729.51 |

| **E. Plan Feasibility** (Line C - Line D)<br>(Not feasible if less than zero) | $0 |
|---|---|

---

[1] Debtor's attorney may agree to subordinate, reduce, or waive his fees to permit confirmation.

Small Business Case Chapter 11
Combined Plan & Disclosure Statement
October 1, 2017                    -9-

## Exhibit 4 - Effective Date Feasibility

Can the Debtor Make the Effective Day Payments?

|  | Amount | Amount |
|---|---|---|
| A. Projected Total Cash on Hand on Effective Date |  | $3,900 |
| Payments on Effective Date |  |  |
| Unclassified Claims |  |  |
| Administrative Expense Claims | $3,700 |  |
| Secured claim | $0 |  |
| Priority Claims | $0 |  |
| Class 3 unsecured | $145.19 |  |
| Small Claims (Class 2(a)) |  |  |
| U.S. Trustee Fees |  |  |
| B. Total Payments on Effective Date |  | $3,845.19 |
| C. Net Cash on Effective Date (Line A - Line B) (Not feasible if less than zero) |  | $ 64 |
|  |  |  |

## Exhibit 5 – Plan Projections (not applicable)

| Projected Annual Income | Amount |
|---|---|
| Gross Employment Income |  |
| Gross Business Income |  |
| *additional 10 days* |  |
| Positive Cash Flow on Investment Property (Exhibit 5, Line A) |  |
| A. Total Monthly or Seasonal Income |  |

| Projected Annual Expenses | Amount |
|---|---|
| B. Total Monthly or Season Expenses |  |

| | |
|---|---|
| C. Annual Net Income projection (Line A - Line B) |  |